

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 30, 2015**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| American Housing Foundation, | § | Case No.: 09-20232-RLJ |
| | § | |
| Debtor. | § | |
| | § | |
| Walter O'Cheskey, Trustee of the AHF Liquidating Trust, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary No. 11-02103 |
| v. | § | |
| | § | |
| CitiGroup Global Markets, Inc. and CitiBank, N.A., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

The plaintiff, Walter O'Cheskey, Trustee of the AHF Liquidating Trust (Trustee), moves for leave to amend his First Amended Complaint. *See* Docket No. 55. The defendants, CitiGroup Global Markets, Inc. and CitiBank, N.A. (collectively, Citi), oppose Trustee's request.

The purpose of the amendment is to specifically state that the Texas Uniform Fraudulent Transfer Act (TUFTA) provides a basis for recovery. Trustee also submits that such cause of action "should relate back for purposes of the relevant statute of limitations—i.e. 11 U.S.C. § 546." Trustee's Motion for Leave ¶ 6. Citi contends that justice is ill-served by granting Trustee's request as it is "not timely and will cause an undue burden and hardship on Citi." Citi's Objection to Trustee's Motion ¶ 13 [Docket No. 59]. Citi does not address the question of whether the amendment, if allowed, should relate back to the original complaint.

The original complaint was filed on April 21, 2011 [Docket No. 1]. It alleges that the debtor, American Housing Foundation (AHF), had a series of wire transfers during the two-year period prior to the bankruptcy filing that "are avoidable fraudulent transfers in violation of 11 U.S.C. §§ 544 and 548 and §§ 24.005 and 24.006 of the Texas Uniform Fraudulent Transfer Act." Complaint ¶ 43. Relief is also sought under sections 550 and 551 of the Bankruptcy Code (11 U.S.C.). The prayer specifically refers to sections 544 and 548 and to the TUFTA. The facts are alleged *transfers* made within two years of the AHF bankruptcy filing date of April 21, 2009.[1] The legal theories are based on sections 548, 550, and 551 of the Bankruptcy Code, and the TUFTA as reached under section 544 of the Bankruptcy Code.

---

[1] Under section 548(a), which addresses fraudulent transfers and obligations, a trustee may avoid a fraudulent transfer or obligation that was made or incurred on or within two years before the date of the filing of the petition. 11 U.S.C. § 548(a)(1).

This adversary proceeding was abated by order entered December 5, 2012. *See* Docket No. 31. At a status conference conducted on August 7, 2014, the parties requested a trial setting in early 2015. The abatement was effectively lifted when the Court scheduled trial on the complaint and issued its default scheduling order. *See* Docket Nos. 38 and 39. The Court's order entered August 12, 2014, set the matter for trial docket call on January 15, 2015, which was subsequently continued upon the parties' request to April 9, 2015. *See* Docket No. 45. The parties then requested an abatement of the Court's scheduling order to allow them to submit a joint stipulation of facts and motions for summary judgment. The Court approved the abatement by its order of March 30, 2015. *See* Docket No. 62. Given this, the April 9, 2015 trial docket call was passed with a status conference concerning trial set July 9, 2015.

Then, on December 12, 2014, Trustee filed his First Amended Complaint (the December 2014 Complaint) [Docket No. 51]. This complaint is not a model of clarity. It recites, in its jurisdiction and venue section, that the "statutory predicate" includes sections 544, 548, 550, and 551 of the Bankruptcy Code. *Id.* ¶ 3. In addition to asserting the same allegedly avoidable transfers as described in the original complaint, it also alleges that certain described transactions—the 2006 Capmark-CitiGroup Credit Application, the 2007 Amarillo Affordable Bond Refinancing Application, and the 2008 CitiBank Walden II Credit Enhancement Application—give rise to fraudulent *obligations* that are avoidable. These three transactions, according to the December 2014 Complaint, were entered into in November 2006, November 2007, and July 2008, respectively. It thus appears that the first transaction took place beyond two years prior to the bankruptcy filing.

Trustee clearly seeks avoidance of transfers *and* obligations by the December 2014 Complaint; the stated legal bases for avoidance, however, are muddled. As set forth above, the December 2014 Complaint, in the section addressing jurisdiction and venue, references both

sections 544 and 548. But its specific statement of avoidance actions alleges that the various obligations and transfers are avoidable under section 548, with an additional reference to the complementary sections 550 and 551. *Then*, by its prayer, the December 2014 Complaint seeks judgment declaring that the obligations and transfers be avoided as fraudulent obligations and transfers, "pursuant to 11 U.S.C. § 544." *Id.* at 11. Sections 550 and 551 are mentioned but section 548 is not.

The December 2014 Complaint is confusing but does allege the facts—the three transactions—that give rise to the fraudulent obligation causes; and it references section 544. So it arguably placed Citi on notice of a potential cause under the TUFTA, especially given the reference to the TUFTA in the original complaint. Any prejudice occasioned by the proposed amendment would have initially arisen with the December 2014 Complaint. The amendment should eliminate the confusion from the December 2014 Complaint.

Trustee's motion will be granted. In doing so, the Court declines Trustee's request that the Court declare that the amendments relate back to the original complaint. Such question should be considered within the context of the December 2014 Complaint. The ruling here is thus made without prejudice to consideration of the relation-back question upon proper motion by a party in this proceeding. Further, the Court will set aside the abatement of the Court's scheduling order and direct that the parties submit a new scheduling order to accommodate a trial setting for early Fall 2015. The trial setting will be addressed at the July 9, 2015 status conference.

### End of Memorandum Opinion ###