

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 29, 2015**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| American Housing Foundation, | § | Case No.: 09-20232-RLJ |
| | § | |
| Debtor. | § | |
| | § | |
| Walter O'Cheskey, Trustee of the AHF Liquidating Trust, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary No. 11-02103 |
| v. | § | |
| | § | |
| CitiGroup Global Markets, Inc. and CitiBank, N.A., | § | |
| | § | |
| Defendants. | § | |

Page 1

## MEMORANDUM OPINION AND ORDER

Hearing was held on June 11, 2015, on the motion of the defendants, Citigroup Global Markets, Inc. and Citibank, N.A. (collectively, Citi), seeking reconsideration of the Court's order allowing the plaintiff, Walter O'Cheskey, Trustee, to amend the First Amended Complaint [Doc. No. 51]. The Court's order was issued in accordance with the Court's Memorandum Opinion of April 30, 2015 [Doc. No. 65].

Citi's principal complaint, procedurally, is that the Court did not make findings under Rule 15(a) on "whether the Trustee's request to amend (i) was timely, (ii) will cause undue prejudice to Citi, and (iii) satisfies the Trustee's burden under Rule 15(a)(2) mandating that 'justice so requires' the amendment." Citi's Motion for Reconsideration [Doc. No. 70] ¶ 4. Citi's substantive argument is that the Trustee's second motion to amend [Doc. No. 55] sought, "for the first time," to set aside the so-called "Capmark Application" as a fraudulent obligation and that it, Citi, is prejudiced by such amendment because the transaction that gave rise to the Capmark Application took place in late 2006, and concerns an entity, Capmark, that is not a party to this suit. (Citi acquired Capmark's position in early 2007.)

As for the substantive arguments regarding notice to (or lack thereof) and prejudice borne by Citi, the Court points to the Memorandum Opinion where it specifically found that the First Amended Complaint, filed in December 2014, did in fact provide Citi with notice of the alleged fraudulent obligation arising from the Capmark Application and that any prejudice to Citi had to thus then arise. But Citi did not object to the First Amended Complaint, and no argument is made that any new or additional prejudice has arisen between December 2014 and the present.

Citi's statement that the fraudulent obligation cause is new is patently wrong. Though the First Amended Complaint was sloppily done, it does specifically describe the 2006 Capmark Application as giving rise to a fraudulent obligation. *Now*, after the Memorandum Opinion, Citi

contends, *for the first time on the current dispute*, that the Trustee's previous motion to amend—filed November 4, 2014, and requesting leave to file the First Amended Complaint, and to which Citi did not object—failed to warn Citi of a fraudulent obligation cause from the Capmark Application. Such motion states that "[t]he Trustee seeks to amend the complaint to add CitiBank as a defendant and to clarify his request to avoid the obligations incurred by AHF under the applications as avoidable fraudulent obligations, as well as to avoid the fees and expenses paid to CitiGroup under those applications." November 2014 Motion to Amend ¶ 9. The motion then states that the proposed amendment should relate back to the filing of the original complaint. *Id.* ¶ 12. Just as it did in the present motion for leave to amend, the Trustee's November 2014 motion included a factual background that describes the 2006 Capmark-CitiGroup Credit Application, the 2007 Amarillo Affordable Bond Refinancing Application, and the 2008 CitiBank Walden II Credit Enhancement Application. Though stating that a purpose of the amendment was to seek avoidance of fraudulent obligations, the November 2014 motion did not specify the legal theories under which the actions are brought. The Court's Memorandum Opinion did note, however, that the original complaint, filed on April 21, 2011, does state that the transfers are avoidable under 11 U.S.C. §§ 544 and 548 and §§ 24.005 and 24.006 of the Texas Uniform Fraudulent Transfer Act. It also specified that relief was sought under §§ 550 and 551 of the Bankruptcy Code.

      The Court appreciates that Citi and its counsel did not understand that by the First Amended Complaint the Trustee was seeking to avoid an *obligation that arose beyond two years before the filing of the AHF bankruptcy case*. The two-plus year lookback appears to be the real bone of contention. But any additional hardship imposed on Citi by going back beyond two years is minimal. The pleaded facts that are uncontroverted state that the Capmark Application was entered into in late November of 2006, that Citi acquired Capmark's position in late January 2007, and that the first transfer made under the Capmark deal that is attacked was in August 2007. In addition, the

majority of the *transfers* that the Trustee is seeking to avoid—$408,347 of a total of $584,047—are alleged to have been made on the Capmark Application.

The Court, like any court, prefers that actions before it be decided on the merits; leave to amend should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice is better served here by allowing the Trustee to amend as requested.

The relief requested by the motion for reconsideration will be denied.

SO ORDERED.

### End of Memorandum Opinion and Order ###